UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Israel Polak<br><br>                      Plaintiff,<br><br><br>   -v.-<br><br>Firstsource Advantage, LLC<br><br>                      Defendant. | Civil Action No: _____<br><br>**COMPLAINT** |

Plaintiff Israel Polak ("Plaintiff" or "Polak") by and through his attorneys, RC Law Group, PLLC, as and for his Complaint against Defendant Firstsource Advantage, LLC ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2. Plaintiff is a resident of the State of New York, County of Kings, residing at 2675 Ocean Avenue, Apt. 4G, Brooklyn, NY 11229.

3. Firstsource Advantage, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 205 Bryant Woods South, Amherst, NY 14228.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt ("Alleged Debt") from the Plaintiff.

8. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

*Violation I – September 7, 2016 Collection Letter*

9. On or around September 7, 2016 Defendant sent an initial contact notice to the Plaintiff.

10. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

11. The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

12. Although a collection letter may track the statutory language, "the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Russell v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency to simply include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act." Russell, 74 F.3d at 34.

13. The letter, in the fourth paragraph lists the amount due as of charge-off to be $10,493.14, and lists payments of $4,707.15 made since charge off, but still has the amount due as the same $10,493.14.

14. These balances are conflicting, confusing, and deceptive thus preventing Plaintiff from making payment, since he did not know what he really owed.

15. This language completely overshadows the "g-notice" and coerces the consumer not to exert his rights under the Fair Debt Collection Practices Act.

16. Each and every aspect of this language threatens the consumer's validations rights and coerces payment from the consumer by making threats during the initial thirty-day period.

17. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

*Violation II –September 7, 2016 Collection Letter*

18. The heading at the top of Defendant's September 7, 2016 Collection Letter plainly states "Current Account Balance: $10,493.14".

19. The body of the letter states:

> Total amount of the debt due as of charge-off: $10,493.14
> Total amount of interest accrued since charge-off: $0.00
> Total amount of non-interest charges or fees accrued since charge-off: $4,707.15
> Total amount of payments and credits made on the debt since the charge-off: $4,707.15

20. The accounting of interest, non-interest charges, fees, payments and credits as set forth in the letter is confusing to the Plaintiff since it is unclear as to whether or not the account was currently accruing interest.

21. The accounting of interest, non-interest charges, fees, payments and credits as set forth in the letter is confusing to the Plaintiff since it is unclear as to the source of payments and credits made to the account since charge-off.

22. When addressing this exact issue the Second Circuit stated "We hold that Section 1692e of the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. Because plaintiffs allege that defendants failed to disclose that information here, they have stated a claim under the FDCPA." *Avila v Riexinger & Assocs*., LLC 817 F.3d 72. 74 (2d Cir 2016).

23. Defendant's September 7, 2016 Collection Letter fails to include this safe harbor language set out by the Second Circuit.

24. A consumer could read the notice and be misled into believing that they could pay the debt in full at any time by paying the amount listed on the notice.

25. However, as set forth by the accounting in Defendant's letter, non-interest charge or fees continue to accrue on Plaintiff's account.

26. A consumer who pays the "Current Account balance," will be unaware as to whether or not the debt has been paid in full.

27. The Defendant was required to include a disclosure that interest was accruing, or in the alternative, the creditor/and or Defendant has made the decision to waive the accruing interest.

28. Each and every aspect of this language threatens the consumer's validations rights and coerces payment from the consumer by making threats during the initial thirty-day period.

29. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## **FIRST CAUSE OF ACTION**
### (Violations of the FDCPA)

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

31. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692g, 1692e, 1692e(10), and 1692f.

32. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Israel Polak demands judgment from Defendant Firstsource Advantage, LLC as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendant's practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
September 1, 2017

/s/ Daniel Kohn
**RC Law Group, PLLC**
By: Daniel Kohn
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501